UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CELIA HORRELL | CIVIL ACTION |
| VERSUS | NO. 11-2885 |
| JP MORGAN CHASE BANK, N.A. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion for judgment on the pleadings, or, in the alternative, summary judgment. For the reasons that follow, the motion is GRANTED.

Background

This case arises from a bank's use of the set-off mechanism, in which funds from an account held by the bank are used to satisfy an obligation owed to the bank.

Celia Horrell, a Louisiana resident and long-time customer of JPMorgan Chase Bank, N.A., listed her daughter, Kimberly Horrell Lemoine, as a "signor" on her Chase deposit account.[1] As a signor on the deposit account, Ms. Lemoine was designated as a joint account holder, which provided her access to all account funds, the power to sign on the account, and the ability to withdraw funds on the account. There is no record that Ms. Horrell provided written notice to Chase that she was the sole

---

[1] The deposit account at issue is Chase Account No. *****7126.

1

owner of the funds in the deposit account, and it is disputed as to whether Ms. Horrell orally communicated something to that effect.

Ms. Lemoine and her husband Weston John Lemoine, residents of Georgia, obtained a mortgage on their home from a predecessor institution to Washington Mutual; Chase subsequently became holder of the mortgage. When Ms. Lemoine became unable to make her mortgage payments, Chase debited Ms. Horrell's account, on or about November 23, 2010, in the amount of $157,754.15 to off set the outstanding balance owed on Ms. Lemoine's mortgage loan with Chase. At the time of this set-off, Ms. Horrell's account was governed by the Chase Account Rules and Regulations effective December 31, 2008.

Ms. Horrell sued JPMorgan Chase Bank, N.A. in this Court on November 19, 2011, invoking the Court's diversity jurisdiction. Plaintiff is a resident of Louisiana and defendant is a national banking association with its main office located in Chicago, Illinois. Ms. Horrell alleges claims of conversion and intentional infliction of emotional distress under Louisiana law, and seeks damages and attorney's fees. Chase now moves for judgment on the pleadings, or, in the alternate, for summary judgment.

I. <u>Legal Standards</u>

*A.*

The standard for deciding a motion under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion under Rule 12(b)(6). <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 313 n.8 (5th Cir. 2002). "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." <u>Id.</u> at 312 (quoting <u>Herbert Abstract Co. v. Touchstone Props. Ltd.</u>, 914 F.2d 74, 76 (5th Cir. 1990)).

In considering a Rule 12(b)(6), or a Rule 12(c), motion the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" <u>See</u> <u>Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit</u>, 369 F.3d 464 (5th Cir. 2004) (quoting <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted).

With some exceptions, the Court's review on a motion to dismiss is limited to the complaint and any attachments. See Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

*B.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported

motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II. Discussion

### A.

Ms. Horrell alleges a claim of conversion, which is "any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for a definite period of time." Labbe v. Premier Bank, 618 So. 2d 45, 46 (La. App. 3 Cir. 1993).  At issue here is whether the defendant's action of debiting Ms. Horrell's account was

5

wrongful, which requires examining Chase's statutory right of set-off.[1] The Court finds summary judgment in favor of the defendant appropriate here. Because the record, taken as a whole, could not lead a rational trier of fact to find for the plaintiff, no genuine dispute exists as to the material facts that (1) Ms. Lemoine was a signor on Ms. Horrell's account, (2) Ms. Lemoine and her husband obtained a mortgage, (3) Chase was the holder of the mortgage loan, (4) the Lemoines were unable to pay the mortgage, and (5) Chase set off funds in Ms. Horrell's account to apply toward the mortgage loan. The only facts potentially in dispute are whether Ms. Lemoine had an ownership interest in the account as a signor, and whether Chase was the holder of the mortgage at the time of the set-off. The Court,

---

[1] The Court finds that based on the pleadings alone, the plaintiff alleges enough facts to sustain a claim and, therefore, survive a Rule 12(c) motion. Defendant asserts that Ms. Horrell's complaint establishes that (1) Ms. Lemoine was a signor on the deposit account at issue here, (2) Ms. Lemoine and her husband obtained a mortgage, (3) Chase was the holder of that mortgage, (4) the Lemoines became unable to service their mortgage loan, and (5) Chase set off the funds in the deposit account to apply toward the Lemoines' mortgage.

   Contrary to what the defendant contends, the complaint does not allege that Chase was the holder of the mortgage *at the time* of the set-off, which would have entitled Chase to a judgment on the pleadings. Rather, the complaint alleges that the mortgage loan was obtained from a predecessor institution to Washington Mutual, then assigned to Washington Mutual, and eventually assigned to the defendant. Because the Court must look solely at the face of the pleadings, and in a light most favorable to the plaintiff, Ms. Horrell alleges enough facts, albeit barely, to state a claim that is plausible on its face. When examining material outside the pleading, as the Court does in its summary judgment analysis, Ms. Horrell's conversion claim runs into trouble.

however, finds that the defendant has met its burden on summary judgment because the record establishes that Ms. Lemoine had an ownership interest in the account, and Chase was the holder of the mortgage at the time of the set-off.[2]

Section 6:316(C) of the Louisiana Revised Statutes confers upon a bank the right of set-off. That is, upon a depositor's default on an obligation owed to the bank, the bank has the right to apply any funds on deposit toward payment of the obligation. The statute provides:

> C. In the event that the depositor should default under any loan, extension of credit or other direct or indirect obligation of any nature and kind whatsoever in favor of the depository bank, the bank shall have the right to apply any and all funds that the depositor then has on deposit . . . towards the payment of the depositor's indebtedness or obligations, whether such payment satisfies the indebtedness or obligations in whole or in part.
>
> D. The bank shall notify the depositor in writing within two business days following the exercise of the bank's remedies under Subsection C of this Section [the set-off provision]. Such notice should be forwarded by registered or certified mail to the depositor's most current address reflected in the bank's records. In the event that the bank mails such a notice to the depositor within the above time period, the bank shall have no liability to the depositor or to any other person as a result of the bank's dishonor of checks or drafts drawn on the depositor's accounts with the bank.

LA. REV. STAT. ANN. § 6:316(C)-(D)(2011).

Louisiana courts have held that the only requirement to

---

[2] Because the Court finds that the defendant properly exercised its statutory right of set-off, it does not address the defendant's contractual right of set-off.

7

trigger La. R.S. 6:316(C) is default by the depositor. See <u>A&B Bolt and Supply Inc. v. Standard Offshore Servs., Inc.</u>, 2002-1823, p. 5 (La. App. 1 Cir. 6/27/2003); 858 So. 2d 509, 512 ("[A]ll that is required to trigger the provisions of this statute [La. R.S. 6:316] is that the depositor should default under any loan . . . in favor of the depository bank." (internal quotation marks omitted)). There have been hints to the contrary, however. It has been held that a bank must comply with the notice requirement of La. R.S. 6:316(D) to avail itself of the statutory right of set-off provided in La. R.S. 6:315(C). See <u>John Deere Co. v. Slidell Tractor Co.</u>, No. 89-1953, 1992 WL 245609, at *13 (E.D. La. Sept. 15, 1992); <u>Chrysler Credit Corp. v. Whitney Nat'l Bank</u>, 798 F. Supp. 1234, 1238 (E.D. La. July 1, 1992). In both cases, the court did not say why La. R.S. 6:316(D) commands notice before a bank can utilize the statutory right of set-off, and this Court declines to follow these cases here. See <u>John Deere Co.</u>, 1992 WL 245609, at *13; <u>Chrysler Credit Corp.</u>, 798 F. Supp. at 1238. The statutory text commands, however, that the only requirement is the fact of default. La. R.S. 6:316(C) merely instructs that "**[i]n the event that the depositor should default** under any loan . . . in favor of the depository bank, **the bank shall have the right** to apply any and all funds that the depositor then has on deposit with the bank." La. Rev. Stat. Ann. § 6:316(C)(emphasis added).

Moreover, the Court finds that this substantive right is not undermined by the notice provision in La. R.S. 6:316(D), because subsection D limits the effects of providing notice. Subsection D states that

> [t]he bank shall notify the depositor in writing within two business days following the exercise of [the set-off] . . . . **In the event that the bank mails such a notice . . . the bank shall have no liability to the depositor or to any other person as a result of the bank's dishonor of checks** or drafts drawn on the depositor's accounts with the bank.

LA. REV. STAT. ANN. § 6:316(D)(emphasis added).

The Court concludes that the notice requirement of La. R.S. 6:316(D) merely absolves the bank from liability for dishonored checks that may result after the set-off; it does not "operate to nullify the depository bank's right to the statutory setoff remedy." A&B Bolt and Supply, 858 So. 2d. at 512. Accordingly, the fact that Chase did not provide the plaintiff notice pursuant to La. R.S. 6:316(D) in this case is not dispositive.[3]

The Court also finds no genuine issue exists as to Ms. Lemoine's ownership interest in Ms. Horrell's account. The record indicates that Ms. Lemoine was a signor on Ms. Horrell's Chase account, which made Ms. Lemoine a joint account holder. As

---

[3] Plaintiff alleges that notice of default is also required before set-off can occur. However, notice that the depositor is in default is not required by the statute and the law on this issue is clear. See A&B Bolt and Supply, 858 So. 2d. at 512 (holding that a bank does not have to place the depositor into default or provide the depositor with such notice in order to statutorily set off funds).

such, Ms. Lemoine had full access to all account funds, the power to sign on the account, and the ability to withdraw funds on the account.

Ms. Horrell does not contest her daughter's status as a signor on the account; rather, she contends that she provided notice to Chase that altered her daughter's ownership interest in the account. Plaintiff alleges that she orally communicated to Chase that Ms. Lemoine was added to the account so that her daughter would have access to the funds if she later became disabled. Courts have uniformly held that oral notice is insufficient to rebut the presumption of ownership when depositors are named on the account. See, e.g., Singleton v. Am. Sec. Bank of Ville Platte, Inc., 02-1109, p. 10 (La. App. 3 Cir. 4/20/2003); 849 So. 2d 72, 78; Guillot v. Union Bank, 617 So. 2d 1343, 1346 (La. App. 3 Cir. 1993). Therefore, Ms. Horrell's oral communication does not negate her daughter's ownership interest in the account.

Presumably in an attempt to advance an argument for constructive notice, the plaintiff points to the long-standing history between Ms. Horrell and Chase as reason that the defendant should have known that the funds belonged solely to the plaintiff. Plaintiff's reliance on Maxwell v. Wampler to support this point is misplaced. 604 So. 2d 628 (La. App. 3 Cir. 1992). In Maxwell, the attorney held funds on behalf of a client in a

client escrow account.  Id. at 630.  The bank subsequently used a portion of the funds in escrow to satisfy a personal obligation of the attorney.  Id.  The court in Maxwell held that the bank should have known that the funds were not the attorney's because the account at issue was a client escrow account.  See id.  Ms. Horrell's account here is a standard deposit account, which is vastly different from an escrow account.  The Maxwell decision is unhelpful.

Moreover, taking into consideration the entire record, a genuine issue as to material fact does not exist regarding the holder of the Lemoines' mortgage.  In her complaint, plaintiff alleges that the mortgage was first obtained from the predecessor institution to Washington Mutual and eventually assigned to the defendant.  The defendant, through affidavits of record by Chase bank officials, has met its burden in establishing no genuine issues exists as to whether Chase was the holder of the mortgage.  The affidavit of Kevin Johnson, an Operations Unit Manager employed by the defendant, states, "As of May 27, 2010, JPMorgan Chase Bank, N.A. was the holder of the Mortgage Loan."  The set-off in this case occurred around November 23, 2010.

It is important to note that "the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion."  See Anderson, 477 at 248.  Plaintiff alleges, in a conclusory fashion, that Chase Home Finance LLC (and not the

11

defendant) was the actual holder of the mortgage loan during the period in which the set-off occurred.  Although plaintiff claims to have come forward with competent evidence, the affidavits submitted by Ms. Horrell merely establish that Ms. Horrell and Ms. Lemoine did not know the mortgage was assigned.  Knowledge of the assignment, however, is irrelevant: a bank's statutory right of set-off does not hinge on it.  Finally, the plaintiff submits a computer screen print-out of the Real Estate Index from the Georgia Superior Court Clerks' Cooperative Authority Web site.  This print-out, however, provides no information as to which entity owned the mortgage at the time of the set-off.  At best, the print-out supports plaintiff's assertion that she did not know about any assignments.  Therefore, the plaintiff's evidence falls far short of supporting her rank speculation that defendant was not the actual holder of the mortgage.

*B.*

Under Louisiana law, to sustain a cause of action for intentional infliction of emotional distress, a plaintiff must allege that (1) the conduct of the defendant was extreme and outrageous, (2) the emotional distress suffered by the plaintiff was severe, and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.  See White v. Monsanto Co., 585 So. 2d 1205, 1209 (La. 1991).  In

her complaint, Ms. Horrell asserts that "as a result of defendant's unauthorized debiting of plaintiff's account, plaintiff has sustained . . . damages for intentional infliction of emotional distress."  This is the only reference to emotional distress in the entire complaint.  Therefore, plaintiff fails to allege the essential elements of her emotional distress claim.  She makes no allegation that she suffered emotional distress or that defendant intended to inflict emotional distress, or knew that its actions were certain to cause emotional distress.[4]  See Molette v. City of Alexandria, No. 040501A, 2005 WL 2445432, at *8 (W.D. La. Sept. 30, 2005) (noting that even if the court were to infer from the complaint that the defendant's conduct was extreme and outrageous, the plaintiff's claim still fails because she did not allege facts showing that she suffered emotional distress and that the defendant intended to cause emotional distress); see also Vandenweghe v. Jefferson Parish, No. 11-2128, 2012 WL 1825300, at *11 (E.D. La. May 18, 2012).

The defendant's motion is GRANTED and the plaintiff's claims are dismissed.

New Orleans, Louisiana, October 3, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4]  The plaintiff apparently concedes the issue: she failed to provide any argument or evidence in support of her intentional infliction of emotional distress claim.

13